(No. 4785-)

WILLIAM J. QUILTY, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed March 24, 1961.

HERBERT F. FRIEDMAN, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

An amended complaint was filed by William J. Quilty on June 11, 1958 alleging that on October 27, 1955 he was employed by the Chicago, Rock Island and Pacific Railroad Company at the Burr Oak Yards near Prairie Street, at or near the City of Blue Island in the County of Cook and State of Illinois. At or about the hour of 10:30 A.M., while claimant was standing in said yards near or underneath the viaduct overhanging said yards, a piece of concrete weighing about twenty-five pounds fell from the viaduct, a distance of approximately forty feet, and struck his right hand, injuring the little and ring fingers.

At said time respondent's agents of the State Highway Department, being about 20 to 25 in number, were working on said viaduct in the process of repairing it,

and were using air hammers. In the process of breaking the concrete on the viaduct, a piece was dislodged, and fell upon claimant, injuring the little and ring fingers on his right hand.

Attached to the amended complaint was an amended bill of particulars, wherein it was set forth the amount of damages claimed.

The record consists of the following:

1. Complaint
2. Amended bill of particulars
3. Amended complaint, together with attached amended bill of particulars
4. Transcript of evidence
5. Motion of claimant for leave to waive the filing of brief
6. Order of the Chief Justice granting the motion of claimant for leave to waive the filing of brief
7. Motion of respondent for leave to waive the filing of brief
8. Proof of service of a copy of the motion of respondent on counsel for claimant
9. Order of the Chief Justice granting the motion of respondent for leave to waive the filing of brief
10. Commissioner's Report

The Commissioner heard this case on June 10, 1958, and August 5, 1958, and the only evidence offered by claimant and respondent was that of claimant.

There seems to be no dispute as to the facts of the alleged occurrence, nor any question as to the contributory negligence of claimant. However, it does appear that claimant lost a considerable length of time for the nature and extent of injuries, which the Commissioner so found.

Claimant was taken to St. Francis Hospital. His little finger was limp. The ring finger was bleeding, and the nail was off. In accordance with the medical report introduced by claimant, being claimant's exhibit No. 2, it was found that there was a chipped fracture of the posterior articular margin of the distal phalanx of the right little finger, with a fragment displacement of about 3

mm. posteriorly. The ring finger was not broken. A splint was applied to the little finger, and gauze was applied to the ring finger. Claimant returned to work, and he was treated by Dr. Lally the following day.

Claimant testified that he visited Dr. Lally at least seven or eight times, and that he had a great deal of pain in the little and right ring fingers. From the medical report, no heat treatments were prescribed by the doctor, nor were any pills prescribed for pain.

The doctor and hospital bills were paid by the railroad company. Claimant also received $200.00 from said company, and gave them a covenant not to sue.

At the time of the accident, claimant was earning approximately $14.63 a day. From November 16 to November 30, 1955, he was unable to work, losing approximately twelve working days, amounting to $175.56. He testified that he was off work from December 1, 1955 to December 8, 1955, inclusive; and from December 27, 1955 to January 10, 1956, inclusive; that his absence from work was the result of the accident and the injuries to the fingers on his right hand.

On December 1, 1955, his rate of pay was $16.29 per day, for which he is claiming an additional $517.65 for lost wages.

It appears to us that claimant lost an excessive amount of time as the result of the injuries of the nature sustained by him. However, all that we have to pass upon is the testimony of claimant. There is no cross-examination of him, nor any Departmental Report filed, nor does respondent offer any testimony whatsoever.

The Commissioner found that no subrogation claim is being made by the railroad company for its expenditures on behalf of said claimant.

As previously stated, inasmuch as there is no question as to liability of respondent, or any cross-examination of claimant, or Departmental Report filed, the sole question to be passed upon by this Court is the question of damages to be awarded.

The only evidence we have is that claimant lost $693.21 in wages as the result of this accident.

It is, therefore, our order that the claim should be and is hereby allowed in the sum of $1,000.00.